IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| TERRIANNE LOWE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-07-1233-L |
| | ) | |
| INDEPENDENT SCHOOL DISTRICT | ) | |
| NO. 1 OF LOGAN COUNTY, | ) | |
| OKLAHOMA, | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

Plaintiff Terrianne Lowe brings this action alleging violations of the

Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.,* and the

Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.* This matter is

before the court on the Motion for Summary Judgment filed by plaintiff's former

employer, defendant Independent School District No. 1 of Logan County,

Oklahoma, commonly known as the Guthrie Public Schools. Plaintiff has

responded to the dispositive motion and defendant filed a reply brief. The court

has carefully reviewed the briefs and exhibits submitted by the parties. Based

upon this review, the court determines that defendant is entitled to summary

judgment as a matter of law.

Initially, the court notes that plaintiff has conceded her FMLA claim at the

summary judgment stage. See Plaintiff's Response, Doc. No. 24, p. 38.

Therefore, defendant is entitled to summary judgment on this claim.

Turning to plaintiff's disability discrimination claim, it is well settled that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgement as a matter of law."  Fed. R. Civ. P. 56(c); accord Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986).  The moving party bears the initial burden of showing that there is an absence of any issues of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Hicks v. City of Watonga, 942 F.2d 737, 743 (10th Cir. 1991).  If the moving party meets this burden, the non-moving party then has the burden to come forward with specific facts showing that there is a genuine issue for trial as to the elements essential to the non-moving party's case.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986); Bacchus Indus., Inc. v. Arvin Indus., Inc., 939 F.2d 887, 891 (10th Cir. 1991).  To sustain this burden, the non-moving party cannot rest on the mere allegations in the pleadings.  Fed. R. Civ. P. 56(e); Celotex, 477 U.S. at 324; Applied Genetics Int'l. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir. 1990). The non-moving party must point to specific facts, "by any of the kinds of evidentiary materials listed in Rule 56(c), except the pleadings themselves," to avoid summary judgment.  Celotex, 477 U.S. at 324.  Such evidence includes reference to affidavits, deposition transcripts, or specific exhibits.  Thomas v. Wichita Coca-Cola Bottling Co., 968 F.2d 1022, 1024 (10th Cir.), *cert. denied*,

506 U.S. 1013 (1992).  The burden is not an onerous one for the nonmoving

party in each case, but does not at any point shift from the nonmovant to the

district court.  Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 672 (10th Cir. 1998).

Although the district court has the discretion to go beyond the referenced portions

of the supporting material, it is not required to do so.  Id.

In a response to a motion for summary judgment, a party cannot rest on

ignorance of facts, on speculation, or on suspicion and may not escape summary

judgment in the mere hope that something will turn up at trial.  Bryant v.

O'Connor, 848 F.2d 1064, 1067 (10th Cir. 1988).  The mere possibility that a

factual dispute may exist, without more, is not sufficient to overcome a convincing

presentation by the moving party.  Allegations alone will not defeat summary

judgment.  Cone v. Longmont United Hosp. Ass'n., 14 F.3d 526, 530 (10th Cir.

1994).

Plaintiff's disability discrimination claim is brought pursuant to the ADA.

The ADA generally prohibits employers from discriminating against a qualified

individual with a disability because of the disability of such individual in regard to

discharge and other terms, conditions and privileges of employment.  42 U.S.C. §

12112(a).  A "qualified individual with a disability" is "an individual with a disability

who, with or without reasonable accommodation, can perform the essential

functions of the employment position that such individual holds or desires."  42

U.S.C. § 12111(8).  A disability is defined as: (A) a physical or mental impairment

that substantially limits one or more of the major life activities of such individual;

(B) a record of such an impairment; or (C) being regarded as having such an

impairment.  42 U.S.C. § 12102(2).

The burden-shifting framework of McDonnell Douglas Corp. v. Green, 411

U.S. 792 (1973) is appropriate in disability discrimination cases where the plaintiff

is not relying on direct evidence of discrimination and where the employer

disclaims reliance on the plaintiff's disability for the employment decision.

Morgan v. Hilti, Inc., 108 F.3d 1319, 1323, n. 3 (10th Cir. 1997) (applying

McDonnell-Douglas in ADA context).  To establish a prima facie case of disability

discrimination under the ADA, a plaintiff must demonstrate that (1) she is disabled

within the meaning of the ADA; (2) she is qualified to perform the essential

functions of the job, with or without reasonable accommodation; and (3) her

employer terminated her employment[1] under circumstances that give rise to an

inference that the termination was based on her disability.  Id.  The third prong of

the test requires the plaintiff to present some affirmative evidence that disability

was a determining factor in the employer's decision, a burden that is "not

onerous" but also "not empty or perfunctory."  Id. at 1323-24.

On summary judgment, the plaintiff initially must raise a genuine issue of

---

[1]      Here, plaintiff claims she suffered a constructive discharge.  To find a constructive
discharge, it must be determined that the employer made working conditions so difficult a reasonable
person in the employee's position would feel compelled to resign.  Sandoval v. City of Boulder, Colo., 388
F.3d 1312, 1325 (10th Cir. 2004).  The employment conditions must be objectively intolerable; the
plaintiff's subjective views are irrelevant.  Id.

fact on each element of the prima facie case.  Id.  If a plaintiff establishes a prima facie case, the burden shifts to the defendant "to offer a legitimate nondiscriminatory reason for its employment decision."  Id.  If the defendant comes forward with such a reason, "the burden then reverts to the plaintiff to show that there is a genuine dispute of material facts as to whether the employer's proffered reason for the challenged action is pretextual – *i.e.,* unworthy of belief."  Id. (quotation omitted).

Demonstrating pretext gets plaintiff "over the hurdle of summary judgment." Randle v. City of Aurora, 69 F.3d 441, 452 (10th Cir. 1995) (quoting Ingels v. Thiokol Corp., 42 F.3d 616, 622 n. 3 (10th Cir. 1994)).  Pretext can be shown by "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them unworthy of credence and hence infer that the employer did not act for the asserted nondiscriminatory reasons." Morgan, 108 F.3d at 1323 (quotations omitted).  "'[A] plaintiff's prima facie case, combined with *sufficient evidence* to find that the employer's asserted justification is false, *may permit* the trier of fact to conclude that the employer unlawfully discriminated.'" Young v. Dillon Cos., 468 F.3d 1243, 1250 (10th Cir. 2006) (quoting Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 147 (2000)) (emphasis in Young).

The "nature and quantum of plaintiff's proof is key" because evidence that

the employer's proffered nondiscriminatory reason is false "'will not *always* be adequate to sustain . . . liability.'" <u>Young</u>, 468 F.3d at 1250 (quoting <u>Reeves</u>, 530 U.S. at 148) (emphasis in <u>Reeves</u>).  A plaintiff must therefore present enough evidence to permit a factfinder to conclude, "'based on a preponderance of the evidence, that *discrimination was a determinative factor* in the employer's actions – simply disbelieving the employer is insufficient.'" <u>Id.</u> (quoting <u>Miller v. Eby Realty Group LLC</u>, 396 F.3d 1105, 1111 (10th Cir. 2005)) (emphasis in <u>Young</u>). In evaluating the sufficiency of the pretext evidence, the court does not ask whether the employer's proffered reasons were wise, fair or correct, but whether it honestly believed those reasons and acted in good faith upon those beliefs. <u>Rivera v. City and County of Denver</u>, 365 F.3d 912, 924-25 (10th Cir. 2004) (quotations omitted). The relevant inquiry is how the facts appeared to the decision-maker, and a decision is not converted into pretext simply because it appears in hindsight to be a poor business judgment.  <u>See id.</u> at 925.  Courts do not act as a "super personnel department, second guessing employers' honestly held (even if erroneous) business judgments."  <u>Young</u>, 468 F.3d at 1250 (quotation omitted).  "[M]ere conjecture that [the] employer's explanation is a pretext for intentional discrimination is an insufficient basis for denial of summary judgment."  <u>Branson v. Price River Coal Co.</u>, 853 F.2d 768, 772 (10th Cir. 1988).

The relevant undisputed facts, viewed in the light most favorable to plaintiff, are set forth below.  The undisputed facts are also discussed in the context of the

court's analysis of the sufficiency of plaintiff's claims at the summary judgment

stage.  In general, the court agrees with the observation of defendant that plaintiff

has unsuccessfully attempted to create the appearance of a genuine issue of

material fact by admitting "in part" or otherwise qualifying or adding to the

defendant's recitation of undisputed facts.  When the plaintiff's purported factual

disputes and explanations are carefully reviewed, however, the court finds that

the material facts are actually not in dispute.

The undisputed facts reveal that plaintiff began working for the Guthrie

School District in August of 1988.  Until her reassignment to a teaching position,

which was to be effective with the beginning of the 2006-07 school year, plaintiff

had always been assigned to be a counselor.  The teacher's contract, under

which plaintiff was employed, provided that she agreed to accept and perform

teaching and other duties assigned by the superintendent and principal as need

to maintain the educational and extracurricular programs offered by the school

district.  Plaintiff's assignment as a counselor was reflected on an extra duty

contract, which by its terms terminated at the end of each school year.

Therefore, plaintiff had no entitlement to renewal of the extra duty contract from

one school year to the next.  During the 2005-06 school year, plaintiff received

additional compensation in the amount of $5,775.40 pursuant to her extra duty

contract for that year.  Defendant's Undisputed Facts, Doc. No. 20, ¶¶ 1-4.

Plaintiff had polio as a child, and has had multiple knee replacement

surgeries.  She has been advised by her doctor that she will have to be in a

wheelchair at some point and that standing for long periods of time will accelerate

the deterioration of her leg muscles.  Id., ¶ 9.  Plaintiff's counselor's position was

sedentary and required no accommodation to perform the job.  Plaintiff's

Response, Doc. No. 24, ¶ 20.  Plaintiff feared her disability would require

accommodation in the event she was reassigned to the classroom, because she

would be required to be up on her feet and moving about for long durations.  Id.

Plaintiff is certified by the Oklahoma State Department of Education to serve as a

counselor at all grade levels, as a secondary school principal, and to teach the

following subjects in grades 7 through 12: biology, botany, chemistry, general

science, physical science, physics, and zoology. Id., ¶ 5.

In or around August of 2005, defendant's personnel director advised the

high school principal that the school board was "unhappy" with plaintiff.  Although

defendant affirmatively asserts that the board's unhappiness with plaintiff had

nothing to do with plaintiff's disability, plaintiff claims that this assertion is "self-

serving."  In August of 2006, plaintiff was aware of only rumors of two "vague and

petty" complaints against her.  Id., ¶ 7; Plaintiff's Response, Doc. No. 24, ¶ 7.

According to defendant,

During the 2005-06 school year, parents and students continued to
complain to Simpson [the superintendent] and the board of education about
Lowe.  Parents and students stated that Lowe had a poor attitude and was
not responsive to their problems and that she changed students' schedules

without notifying the students or parents.  At least one board member relayed her concerns about Lowe to Simpson.  Some staff members also complained to Simpson that Lowe altered schedules in ways that made it inconvenient for them to fulfill their extra duty coaching responsibilities.

Defendant's Undisputed Facts, Doc. No. 20, ¶ 12.

This paragraph, quoted above, essentially states the defendant's proffered legitimate, nondiscriminatory reason for reassigning plaintiff to a teaching position for the 2006-07 school year, *i.e.*, plaintiff was reassigned to the classroom because of complaints made to the superintendent and the board of education about plaintiff's performance as a counselor.  Defendant also states that plaintiff's disability was not a factor in the decision to reassign plaintiff to a teaching position.  Id., ¶ 15.

Plaintiff disagrees with defendant's proffered reason as stated in paragraph 12 of its Undisputed Facts, and asserts that defendant's explanation for her reassignment is vague and undocumented.  Plaintiff claims that defendant's denial that her disability was a factor in the reassignment is "self-serving." Plaintiff's response to defendant's proffered reason for her reassignment is largely an attempt to provide context to the incidents mentioned by defendant in connection with her job performance as counselor.  Plaintiff's Response, Doc. No. 24, ¶¶12-15.

The decision was made to reassign plaintiff to a teaching position, and by letter dated March 31, 2006, plaintiff was notified that she had been reemployed

by defendant for the 2006-07 school year.  Defendant's Undisputed Facts, ¶¶ 16, 17.  Plaintiff's base salary would not be affected by a reassignment to a teaching position, however, she would lose the additional compensation provided by her extra duty contract. Id., ¶ 18.  Plaintiff claims she lost not only compensation, but also a loss of status as well as a negative impact on her retirement as a result of the reassignment.  Plaintiff's Response, Doc. No. 24, ¶ 18.

The parties disagree as to whether as of August of 2006, a decision had been made as to what class plaintiff would be assigned to teach or what classroom she would be assigned.  It is undisputed, however, that plaintiff submitted her resignation on or around August 4, 2006, approximately two weeks before classes started for the 2006-07 school year.  Defendant's Undisputed Facts, ¶¶ 28, 29.  It is not uncommon for teaching assignments and classroom assignments to be changed just prior to the start of classes.  Id., ¶ 30.  It is also undisputed that since 2002, when plaintiff became eligible to retire, she represented a willingness to retire from public schools in applications sent to prospective employers.  However, plaintiff denies that she had made up her mind to retire or resign from defendant's employment until after her August 2006 meeting with the superintendent.  Plaintiff's Response, ¶ 8.

Against this factual background, defendant asserts that plaintiff cannot establish a prima facie case of discrimination in violation of the ADA.  According to defendant, the undisputed facts show that plaintiff was neither demoted nor

constructively discharged.  This is because plaintiff had no right to a particular assignment, including assignment as a counselor, and the superintendent of the school district had the authority to assign her to any position for which she was certified.  Defendant also maintains that there is no evidence that plaintiff's disability was a determining factor in the actions surrounding her reassignment.

The court finds that defendant's arguments regarding the failure of plaintiff to establish a prima facie case of disability discrimination are quite persuasive. However, even if the court were to assume for the sake of argument that plaintiff has established a prima facie case, the court concludes that plaintiff has failed to show that defendant's legitimate, nondiscriminatory reason for reassigning defendant was pretextual.

For purposes of summary judgment, the court will proceed as though plaintiff has established a prima facie case.  Assuming plaintiff has established a prima facie case of disability discrimination, defendant has rebutted plaintiff's prima facie case by articulating a legitimate, nondiscriminatory reason for reassigning her to a teaching position.  Thus, it is now incumbent upon plaintiff to present sufficient evidence that the proffered reason was a pretext for discrimination.

The court concludes that plaintiff has not come forward with sufficient evidence at the summary judgment stage to show that defendant's legitimate, nondiscriminatory reason is a pretext for disability discrimination.  Plaintiff's

attempts to explain or justify her conduct in the period of time before the

reassignment decision are not sufficient at this stage of the proceedings because

nothing in plaintiff's response suggests that plaintiff's disability played a role in the

reassignment decision. Plaintiff appears to be arguing that because she

disagrees with the reassignment decision, the reason given for her reassignment

must be pretextual.  However, this type of evidence is insufficient to show that

defendant's reason for the termination is pretextual.  In a pretext determination, it

is the employer's perception of the employee's performance that is relevant, not

the plaintiff's subjective evaluation of her own relative performance.  Furr v.

Seagate Tech., Inc., 82 F.3d 980, 988 (10th Cir. 1996).  Furthermore, the court's

role is not to act as a "super personnel department" that second guesses

employers' business judgments.  Simms v. Oklahoma ex rel Dep't of Mental

Health and Substance Abuse Servs., 165 F.3d 1321, 1330 (10th Cir. 1999).

Even viewing the evidence presented in the light most favorable to plaintiff,

the court finds that plaintiff has failed to show either that the reassignment

decision was more likely motivated by an improper reason or that the proffered

explanation for the termination is unworthy of belief.  Plaintiff relies on her own

subjective perceptions of vague or otherwise inadequate reasons for her

termination, however, her conclusory allegations are insufficient to defeat

defendant's motion for summary judgment.  See Metro Oil Co. v. Sun Refining &

Mktg. Co., 936 F.2d 501, 504 (10th Cir. 1991).  Plaintiff has failed to meet her

burden of coming forward with sufficient evidence to identify such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the defendant's proffered legitimate reason for its action such that a reasonable factfinder could rationally find them unworthy of credence and hence infer that the defendant did not terminate plaintiff for the asserted non-discriminatory reason, namely, that there had been complaints to the superintendent and board of education regarding plaintiff's performance as counselor.   Although plaintiff is critical of defendant's "self-serving" denial that plaintiff's disability was a factor in the reassignment decision, the court finds that her response is nothing more than mere conjecture that the employer's explanation is a pretext for intentional discrimination, and  is an insufficient basis for denial of summary judgment.

To the extent plaintiff asserts that defendant failed to reasonably accommodate her disability, the court finds that this aspect of her claim must also fail.  The undisputed facts clearly show that plaintiff's failure to accommodate claim is based on her own speculation as to where she would have been assigned.  Plaintiff submitted her resignation approximately two weeks before classes started for the 2006-07 school year.  It is not uncommon for teaching assignments and classroom assignments to be changed just prior to the start of the school year.  The court agrees with defendant that plaintiff's accommodation claim is based merely on speculation about what might happen, not what actually did happen.  When plaintiff's mere speculation is considered in light of the

insufficiency of evidence of pretext, it is clear that plaintiff's disability discrimination claim cannot withstand summary judgment.

In considering the material undisputed facts, the court ultimately concludes that plaintiff has failed to demonstrate that defendant's reason for her reassignment was pretextual. The undisputed facts also clearly show that plaintiff's failure to accommodate claim is based on her own speculation as to where she would have been assigned as a result of her reassignment. Because plaintiff resigned before classes started, she cannot show that the defendant failed to accommodate her disability. Plaintiff has failed to clear the hurdle of summary judgment with respect to her disability discrimination claim.

Defendant is entitled to summary judgment on plaintiff's claims under the ADA and the FMLA, for the reasons set forth above. Accordingly, Defendant's Motion for Summary Judgment **[Doc. No. 20]** is **GRANTED** in its entirety. Judgment will issue on a separate document in accordance with the Federal Rules of Civil Procedure.

It is so ordered this 9th day of October, 2008.

_Tim Leonard_
TIM LEONARD
United States District Judge